UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL P. GORDON,

        Plaintiff,

vs.                                           CASE NO. 3:04-cv-453–J-TEM

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,

        Defendant.
_____

**ORDER AND OPINION**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits.[1] For the reasons set out herein, the decision is **REMANDED.**

**I. Social Security Act Eligibility
and the Standard of Review**

Plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that twelve (12) months. 42 U.S.C. §§ 416(l), 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.905. The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* C.F.R. §§ 404.1520, 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff

---

[1]The Commissioner has filed the transcript of the record of the proceedings below, which hereinafter is referred to as "Tr." followed by the appropriate page number.

bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 127, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Procedural History**

On February 15, 2001, Plaintiff filed applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments, alleging a disability onset date of December 31, 2000. (Tr. 58-60, 312-14). The claims were denied initially and on reconsideration, and a request for hearing was timely filed. On December 9, 2003, Administrative Law Judge ("ALJ") Robert Droker issued an Unfavorable Decision (Tr. 11-21) concluding that the Plaintiff was not disabled because he could perform his past relevant work as a stock clerk or general clerk. (Tr. 19). The Appeals Council denied Plaintiff's request for review and on June 14, 2004, Plaintiff filed a complaint in the United States District Court for the Middle District of Florida. (Doc. #1).

### III. The ALJ's Unfavorable Decision

At Step 1 the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 15). At Steps 2 and 3, the ALJ found Plaintiff had established that he has an anxiety related disorder and a personality disorder that are "severe" within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 17). Based upon the Plaintiff's description of his past relevant work, the vocational expert's testimony, and Plaintiff's residual functional capacity ("RFC"), the ALJ concluded that Plaintiff would be able to perform work as a stock clerk or general clerk as he previously performed it. (Tr. 19). The ALJ further concluded that even if the Plaintiff could not perform any of his past relevant work, considering his age, education, vocational background and RFC, Plaintiff is capable of making a successful adjustment to alternate work that exists in significant numbers in the national economy. (Tr. 19). The ALJ acknowledged that the

3

Plaintiff has some functional limitations arising from his impairments, however, the ALJ was not persuaded that Plaintiff's contention was supported by the weight of objective medical evidence of record. (Tr. 18). The ALJ concluded that Plaintiff was physically and mentally able to perform a range of medium work. (Tr. 18). Accordingly, Plaintiff was deemed ineligible for a period of disability, DIB, and SSI based on applications filed February 15, 2001.

### IV.  Review of Facts and Conclusions of Law

####  A.     Background Facts

Plaintiff, born August 12, 1979 (Tr. 22), was twenty-four years old on the date of the administrative decision under review. According to Plaintiff's mother, Plaintiff opted out of regular high school in the middle of his junior year and eventually received a GED. (Tr. 66). Plaintiff attended the Florida School of the Arts in Palatka but failed out after two semesters due to attendance problems and failure to complete assignments. (Tr. 66). Even though attendance and project completion problems have caused Plaintiff to fail in school, Plaintiff's mother reports he is an avid reader with a wealth of knowledge and facts and possesses an extensive vocabulary.[2] (Tr. 66). His past work experience includes employment as a cashier, stock clerk, and general clerk. (Tr. 63). On February 15, 2001, Plaintiff alleged he became disabled on December 31, 2000, due to anxiety related disorder, personality disorder, depression, and social phobia. (Tr. 136, 299). The medical evidence reveals that the plaintiff has a longstanding history of treatment for mental disorders. (Tr. 156-161, 173-176, 181, 187-200, 219-221, 254-294).

---

[2] Plaintiff also has high intellectual ability as evidenced by his 1470 SAT score and his 370 out of a possible 400 GED score. (Tr. at 66).

### B. Specific Issues

Plaintiff argues two issues on appeal. First, Plaintiff asserts that the ALJ erred in ignoring the opinions of Plaintiff's treating physician in regards to Plaintiff's ability to perform past relevant work. (Doc. #9, p. 6-7). Second, Plaintiff avers that the ALJ erred in not giving full effect to the complete testimony of the Plaintiff regarding the appropriate psychiatric restrictions and their impact on Plaintiff's ability to perform past relevant work. (Doc #9, p. 6-7 ).

Because the Court concludes this case must be remanded for further consideration of Plaintiff's mental impairment, the Court will primarily address the ALJ's failure to follow the mandates of 20 C.F.R. § 404.1520a (2004). The Court will comment upon the two issues raised in Plaintiff's brief.

## V. Analysis

### A. Mental Impairment Evaluation

In this case the ALJ found Plaintiff to have an anxiety related disorder and a personality disorder that were severe impairments under the regulations. (Tr. 17). Generally speaking, both of these disorders are defined as mental disorders in the DSM-IV. *See Diagnostic and Statistical Manual of Mental Disorders* 429-484, 685-729 (4th ed. 2000). Thus, Plaintiff was found to have severe mental impairments that affected his ability to work.

To evaluate a claim of disability based on a mental impairment, the Commissioner is required to follow a special procedure set out at 20 C.F.R. § 404.1520a. Section 404.1520a (b)(2) provides the Commissioner must rate the degree of functional limitation

resulting from the impairments in accordance with paragraph (c) of that section and must record the findings as set out in paragraph (e) of that section.  Sub-paragraph (c)(4) requires the degree of limitation in the functional areas of daily living; social functioning; and concentration, persistence, or pace will be rated using a five point scale of: "None, mild, moderate, marked, and extreme" and  the degree of limitation in the fourth functional area (episodes of decompensation), be rated using the four-point scale of: "None, one or two, three, four or more."   Section 404.1520a (e)(2) provides in pertinent part that "[a]t the administrative law judge hearing . . . the decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

In this case, the ALJ failed to follow the specified procedure for evaluating Plaintiff's mental impairments.  The ALJ's December 9, 2003 decision does not discuss the findings he made in the four areas of functioning.  Thus, it is impossible to determine whether the ALJ applied the correct legal standards.  Under such circumstances, it is inappropriate to affirm an administrative decision because some rationale might have supported the ALJ's conclusion.  *Cf. Owens v. Heckler*, 748 F.2d 1511, 1515 (11th Cir. 1984).  Therefore, this case must be remanded for further proceedings.

In the determination that remand is necessary, in part due to the ALJ's failure to articulate his findings in each of the described functional areas, the Court found two unpublished opinions to be particularly helpful and persuasive.  The unpublished order of U.S. Magistrate Judge Karla Spaulding in the matter of *Crawford v. Massanari*, 6:00-cv-695-ORL-KRS, Docket Entry No. 26, dated September 18, 2001 is cited as persuasive for requiring remand where an ALJ fails to follow the mandates of a particular regulation.  In

*Crawford*, the ALJ failed to attach the then required PRTF to the decision. *Id.* Further, the Court would refer the parties to the case of *Lee v. Barnhart*, 117 Fed. Appx. 674, 677 (10th Cir. 2004) wherein the court states the "ALJ is required to document his evaluation" of the four functional areas in Section 1520a.[3]

On remand, the ALJ must evaluate Plaintiff's mental impairments following the steps set out in 20 C.F.R. 1520(a) and must reevaluate Plaintiff's residual functional capacity in light of these impairments. The ALJ should state what, if any, limitations on the Plaintiff's ability to work exist due to Plaintiff's severe mental impairments.

### B. Treating Physician's Opinion

The opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips v. Barnhart* 357 F.3d 1232, 1240 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). The United States Court of Appeals for the Eleventh Circuit has concluded "good cause" exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1240-41. An ALJ must clearly articulate his reasons for electing to disregard the opinion of a treating physician. *Id.* at 1241. For the Court to accept the ALJ's determination to give little weight to the treating physician, the Court must conclude that the determination was supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 390 (1971)*.*

The record reflects Plaintiff saw Dr. Deena Richman, Ph.D., in November 1998. (Tr.

---

[3]*Lee* is an unpublished opinion cited here for its persuasive authority in accordance with Rule 36.3, U.S. Ct. of App., 10th Cir.

156-1610.  Dr. Richman administered the Minnesota Multiphase Personality Inventory (MMPI-II) for adults to Plaintiff.  The test results indicated Plaintiff had the profile consistent with someone having schizoid personality, schizophrenic disorder, or severe anxiety disorder. (T. 160-161).   Plaintiff was treated from August 1999 to May 2002 at Breakthroughs Counseling and Recovery by therapist Tony Fiser. (Tr. 16).  Plaintiff saw Dr. Sivanta Paul, M.D.P.A., a Diplomate in both child and adult psychiatry, from January 2001 through at least May 2002. (Tr. 187-200, 261-274).   Dr. Paul diagnosed anxiety disorder, social phobia and panic disorder.  Various prescriptions were prescribed and counseling sessions held.  (*See* T. 187-200).

In March 2002, Plaintiff was presented to Peter Knox, M.Ed., Psy.D., for general clinical, mental status evaluation, and neurological screening.  (Tr. 16, 228-35).  Dr. Knox found that Plaintiff had no physical limitations, but that his ability to take a job that involved working with others would be poor due to Plaintiff's severe phobia about interaction with others.  (Tr. 16, 235).  However, Dr. Knox stated that Plaintiff, with his high intelligence, may be able to work in some capacity at home in the computer industry.  (Tr. 16, 235). Yet, Dr. Knox did include the caveat that Plaintiff, at that time, could not function in a classroom setting and would therefore have difficulty being trained.  (Tr. 16, 235).

Val Bee, Psy.D., conducted one of the records reviews of Plaintiff's case in late March 2002.  (Tr. 238).  Dr. Bee noted that interaction of Plaintiff during a consultative exam with another physician "was easy, pleasant, and euthymic."  (Tr. 239).  Dr. Bee also stated that Plaintiff tolerated the process of being examined by an unfamiliar authority figure reasonably well.  (Tr. 239).  Ultimately, Dr Bee concluded that Plaintiff could "likely persist in a role with well structured performance expectations that require only limited amounts

8

of superficial interaction." (Tr. 239).

Mr. Fiser referred Plaintiff to Michael Solloway, M.D., in June 2002 for further treatment of his anxiety disorder. (Tr. 16, 292). In the initial meeting, Dr. Solloway described Plaintiff as extremely anxious, stuttering a bit when speaking, moving back and forth in his seat, rubbing his hands together, and looking to his mother for approval. (Tr. 293). Dr. Solloway also reported that Plaintiff had a poor work history, would have panic attacks and would leave work after being around people for a few days, had trouble sleeping, was depressed, and was of at least average intelligence. (Tr. 16-17, 292-93). Dr. Solloway diagnosed Plaintiff with panic disorder with agoraphobia, generalized anxiety disorder, social phobia, and obsessive-compulsive disorder. (Tr. 17, 293).

In early August 2002, Dr. Solloway stated that Plaintiff could not leave the house unaccompanied. (Tr. 17, 289). By mid August 2002, Dr. Solloway noted that Plaintiff was still depressed but had not experienced any more panic attacks and was sleeping better. (Tr. 17, 282).

In January 2003, Dr. Solloway noted that Plaintiff was not following Mr. Fiser's advice and "not doing anything at all to help himself."[4] (Tr. 17, 277). Even though Plaintiff was observed as not doing anything to help himself, Dr. Solloway nonetheless noted an improvement throughout the first half of 2003, which included Plaintiff taking regular walks, eating regularly, tolerating medication well, and having a neutral mood. (Tr. 276). In June

---

[4] Although the Court is not stating that "advise" qualifies as "prescribed treatment," Plaintiff should note 20 C.F.R. § 416.930(a)-(b) (2005), which states that "in order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work" and "that if you do not follow the prescribed treatment without a good reason, you will not find be found to be disabled."

9

2003, Plaintiff was planning on attending community college in the fall.  (Tr. 17, 275).

In support of his decision to reject the opinion of Dr. Solloway, the ALJ found that the conclusions and reports of Dr. Solloway were "inconsistent with the claimant's admitted activities of daily living, which included job searches and long motor trips."  (Tr. 18).  The Court finds this statement does not provide the requisite good cause to discredit a treating physician's opinion in favor of the opinion expressed by a one-time consulting physician.

Plaintiff's admitted activities include going to "Blockbuster [to] pick up a movie or [the] corner store for a pack of cigarettes."  (Tr. 335).  However, Plaintiff claimed that his mother was usually with him and that he had only gone out alone ten to fifteen times in the last two years.  (Tr. 337).  Plaintiff's long motor trips reportedly involve two visits to see his father in the Panama City, Florida area.  (Tr. 335).

The ALJ found the reports of Dr. Solloway were entitled to "little weight," while the conclusions of Dr. Knox were assigned "significant weight."  (Tr. 18).  The ALJ stated that Dr. Knox's conclusions were "objective and in line with the medical evidence of record and the claimant's testimony."  (Tr. 18).   While the implication is that ALJ did not find the reports of Dr. Solloway to be "in line" with the medical evidence of record, he fails to make such a finding and does not point to any record evidence that may be contrary to Dr. Solloway's reports.  *See Lewis v.Callahan*, 125 F.3d at 1440 (the "ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician").

Thus, the Court is unable to find the ALJ's stated reason for giving little weight to the opinion of Dr. Solloway is supported by substantial evidence.  In making this finding, the Court has declined, as it must, to re-weigh the evidence in search of support for the ALJ's

10

determination.

On remand, the ALJ must also consider the opinions of all of Plaintiff's examining and treating physicians, as well as the opinions of non-examining physicians, and give the proper weight to the testimony of each as required by the law of this circuit. *See generally, Lewis v. Callahan,* 125 F.3d 1436; *Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987). If the ALJ finds reason to disregard the opinion of a treating or examining physician, he must provide specific reasons for doing so and these reasons must be supported by substantial evidence in the record.

### C.     Plaintiff's Testimony

Here, Plaintiff argues the ALJ did not give "full effect to the complete testimony of the plaintiff regarding appropriate psychiatric restrictions and their impact on the plaintiff's ability to perform past relevant work." (Doc. #9 at 6-7). The Court has already determined the ALJ failed to properly evaluate Plaintiff's mental impairments in light of the corresponding regulations and directed the proper analysis be performed on remand with a corresponding reevaluation of Plaintiff's residual functional capacity. In addressing the limitations, if any, Plaintiff's mental impairments have on his ability to work, the Commissioner is implicitly charged with assessing the "appropriate psychiatric restrictions" for Plaintiff. If, on remand, the Plaintiff's testimony is found not to be credible, the Commissioner shall assess Plaintiff's credibility in accordance with the prevailing case law in this circuit. *See, e.g.*, *Allen v. Sullivan*, 880 F.2d 1200 (11th Cir. 1989); *Carradine v. Barnhart*, 360 F.3d 751 (11th Cir. 2004).

### VII.  Conclusion

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards.  Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED**.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits.  Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

Upon remand, the Commissioner shall reevaluate Plaintiff in accordance with the applicable regulations and prevailing case law, as set forth above. The Commissioner may desire to conduct additional proceedings in light of this Opinion.

The Clerk of Court is directed to enter judgment consistent with this Opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this  30th  day of September, 2005.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any